UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 14-CV-81143-MARRA

JOSHUA PARDUE, on his own
Behalf and others similarly situated,

    Plaintiff

v.

SPECIALTY ENGINEERING
CONSULTANTS, INC., a Florida
Profit Corporation and
KURT JOHNSON, and
DEWEY ADAM LEBLANC,
Individuals,

    Defendants
_____/

## DEFENDANTS SPECIALTY ENGINEERING CONSULTANTS, INC. & DEWEY ADAM LEBLANC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF JOSHUA PARDUE'S AMENDED COMPLAINT

Defendants, Specialty Engineering Consultants, Inc. and Dewey Adam LeBlanc, reply in support of their Motion to Dismiss the Amended Complaint [ECF No. 12] and in opposition to the response of Plaintiff, Joshua Pardue ("Pardue") [ECF No. 17], and in support state as follows.

### I.    INTRODUCTION

The Court should grant Defendants' motion for two reasons.

First, Plaintiff's primary argument regarding the applicable pleading standard is wrong and was overruled by the United States Supreme Court seven years ago.

Second, Plaintiff has failed to state a claim under the correct standard outlined in Defendant's motion to dismiss.

The dismissal should be with prejudice as to individual coverage. The few facts which Plaintiff did actually allege all demonstrate the lack of a plausible basis for individual coverage. Plaintiff described Special Engineering Consultants, Inc.'s business and his work as completely local in nature with no mention of the use of instrumentalities of interstate commerce [*See* ECF No. 12, ¶ 3]. Although he asserts in conclusory fashion Plaintiff and his coworkers used items which traveled in interstate commerce, even if true that does not establish individual coverage.[1] It is therefore clear Plaintiff could under no circumstances allege plausible facts showing he was individually covered (i.e., one of the defendants is itself an instrumentality of interstate commerce or he personally and regularly used interstate telephone or traveled interstate as part of his job). In his response, Plaintiff could have, but chose not to, describe how he might amend to plead individual coverage. The claim should therefore no proceed further under this theory.

Defendants would not object under the circumstances to permitting Plaintiff to attempt to replead enterprise coverage only, but the Court should order him to plead specific facts connecting Special Engineering Consultants, Inc.'s business to interstate commerce and identify specific goods or materials allegedly used by him or other employees.[2] If he cannot do so on his next complaint, however, then the Court should also dismiss this theory with prejudice.

---

[1] *See, e.g., Villafana v. Feeding S. Fla.*, 2013 WL 2646729, at *2 (S.D. Fla. June 12, 2013).

[2] This should not be difficult to do since Rule 11 requires Plaintiff to have this information and forbids him from simply making a guess that this is true in his complaint. That Plaintiff resists doing so, suggests he cannot do so.

## II.     *Iqbal/Twombly*, **Not** *Conley*, **Provides the Correction Dismissal Standard**

Plaintiff makes the accusation that "Specialty Engineering's motion to dismiss misconceives and misrepresents the motion to dismiss standards . . ." and he accuses Defendants of "attempts to change the pleading standards." [ECF No. 6, p. 6]. Plaintiff is mistaken. There can be no dispute it is Plaintiff who offers the incorrect standard to this Court when he claims "dismissal of a claim is appropriate only if it is clear that no relief could be granted under any set of facts . . . " [ECF No. 17, pp. 5-6.

Plaintiff's formulation appears to be premised on the *Conley v. Gibson*, 355 U.S. 41 (1957) "no set of facts" pleading standard, but the United States Supreme Court explicitly rejected this standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-563 (2007). Plaintiff cites to *Twombly* (and *Iqbal*, which came closely thereafter) in a string cite in section II of his response and therefore appears to be aware these cases exist. But Plaintiff essentially goes on only to quote from and to argue cases pre-dating *Twombly* and *Iqbal* and which rely on the now-incorrect *Conley* standard.

The Eleventh Circuit has confirmed *Conley* is no longer the pleading standard[3] and, in fact, recently, specifically, and unambiguously Plaintiff's exact argument:

> Appellants contend in their reply brief that a complaint states a claim for relief unless a plaintiff could prove "no set of facts" that would entitle him to relief. *See United States v. Baxter Int'l, Inc.,* 345 F.3d 866, 880 (11th Cir.2003) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–6, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). Counsel's statement of the law is wrong for at least two reasons. First, the Supreme Court has abrogated the *Conley* standard of notice pleading. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 560–63, 127 S.Ct. 1955, 1968–69, 167 L.Ed.2d 929 (2007) (discussing *Conley's*

---

[3]     In fact, in *Twombly* the Supreme Court suggested *Conley*, rightly understood*,* had always only "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." 550 U.S. at 563.

3

> "no set of facts" language and rejecting it as a pleading standard). Now, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted). Thus, any well-pleaded complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

*Arthur v. JP Morgan Chase Bank, NA*, 569 F. App'x 669, 680-81 (11th Cir. 2014); *accord McCone v. Pitney Bowes, Inc.*, --- F. App'x ----, No. 14-11119, 2014 WL 4377868, at *3 n.4 ("We note that *Twombly* effectively overruled *Swierkiewicz* when it rejected the old standard for dismissal set out in *Conley* . . ."); *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 714 (11th Cir. 2014) (noting the Supreme Court abrogated *Conley*); *McCollough v. Insight Capital, LLC*, No. 2:13-CV-1551-VEH, at *1 n.2 (N.D. Ala. June 5, 2014) ("Plaintiff repeatedly misstates the proper standard of review in her filings before this Court.  She states, "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief . . . This is inaccurate. Seven years ago, the Supreme Court, in *Twombly*, flatly rejected *Conley's* applicability to Rule 8 pleading requirements."); *Foreman v. Santeiro*, No. 2:13-CV-735-FTM-38CM, 2014 WL 4278699, at *3 (M.D. Fla. Aug. 28, 2014); *Websters Chalk Paint Powder, LLC v. Annie Sloan Interiors, Ltd.*, No. 1:13-CV-2040-WSD, 2014 WL 4093669, at *10 (N.D. Ga. Aug. 18, 2014).

Thus, this Court should apply the binding Supreme Court precedent found in *Iqbal* and *Twombly* to the motion and not, as Plaintiff suggests, the incorrect and outdated *Conley* standard.

### III.     Plaintiff Has Failed to State a Claim Under *Twombly/Iqbal*

It is evident Plaintiff has not met the more stringent *Twombly* pleading standard. *See Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 1:10-CV-3008-AT, 2011 WL 5829674, at *2 (N.D. Ga. Aug. 1, 2011) ("*Twombly* established a more stringent pleading standard[.]").  As detailed in Defendants' original motion—and as repeated by Plaintiff in I of his response—Plaintiff does not make any specific factual allegations necessary to establish enterprise or individual coverage.  Plaintiff instead merely recites the bare legal elements, labels, and conclusions which make up these bases for jurisdiction.

As an initial matter, it is frankly not clear based upon the response whether Plaintiff believes he adequately stated a claim under an enterprise coverage theory, an individual coverage theory, or both.  These are two separate bases for FLSA jurisdiction and cannot simply be conflated.

However, it appears, in part III of his response, that Plaintiff contends he adequately plead individual coverage "due to his job necessitating that he travel to both commercial and residential construction sites to perform his duties." [ECF No. 17 p. 5]. This statement does not tell the Court or Defendants anything about the factual basis for individual coverage.  For an employee's travel to generate individual coverage, that travel must be <u>interstate</u>.  *See Johnson v. Express Serv. Messenger & Trucking, Inc.*, No. 07-20007-CIV, 2008 WL 2944899, at 5 (M.D. Fla. July 25, 2008) ("Defendants, on the other hand, introduced uncontroverted factual evidence establishing that Plaintiff's work for Defendants encompassed solely intrastate activities and, therefore, Plaintiff does not have Individual Coverage under the FLSA.").  One of the few actual facts

Plaintiff has alleged is he performed all of his work "in Palm beach County, Florida." [ECF No. 12, ¶ 2]. The Court therefore knows for certain Plaintiff's claim to individual coverage based upon his travels is not only implausible, but also is factually baseless.

Plaintiff's enterprise coverage argument fares no better. Plaintiff contends "Pardue's factual allegations establish that Defendant has employees engaged in interstate commerce and also has employees handling or otherwise working on goods or materials that have been moved in or produced for interstate commerce . . ." [ECF No. 17, p. 5]. The problem is Plaintiff does not actually allege any facts "establishing" that these things are true. His complaint merely contains these very same legal conclusions. In *Twombly*, which delineates the correct motion to dismiss standard, the Supreme Court ruled that merely pleading legal conclusions does not suffice.

To be sure, Plaintiff does appear to include in his response a claim the "goods and materials" referenced above were "vehicles, testing materials, and equipment." Even assuming these allegations are sufficiently specific, the allegations cannot save his amended complaint because they are not in his amended complaint. *Teal v. Spears*, No. 4:12CV456-RH/CAS, 2014 WL 116584, at *5 (N.D. Fla. Jan. 13, 2014) ("Plaintiff may not amend his complaint via his response to a motion to dismiss.").

Plaintiff also contends "Defendants' [sic] are using their motion as a substitute for discovery." This is false and misconstrues the situation. It is Plaintiff who is attempting improperly to move past the pleadings stage and to obtain discovery without having to file a pleading containing the required factual basis for his claims. *See Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 749 (11th Cir. 2013) ("'Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case

when his complaint has failed to state a claim.'") (quoting *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981)).

Defendants would prefer never to have been sued at all—and thus not engage in *any* costly discovery—and should not be forced to participate in a fishing expedition so Plaintiff can try to discover a factual basis for the legal conclusions regarding coverage in his amended complaint.  Moreover, Defendants are entitled to know what factual basis (if any) Plaintiff claims exists for coverage, and framing discovery is more difficult and less efficient when a Plaintiff refuses to disclose the factual basis for their claim in the complaint.

It is also important to note it is Plaintiff's burden to prove coverage exists.  *See Arilus v. Diemmanuele, Jr., Inc.*, 895 F. Supp. 2d 1257 (S.D. Fla. 2012) (granting summary judgment because plaintiff lacked evidence establishing enterprise or individual coverage); *Brown v. Platinum Wrench Auto Repair, Inc.*, No. 8:10-cv-2168-T-33TGW, 2012 WL 333808 (M.D. Fla. Feb. 1, 2012) (same as to individual liability); *see also Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CIV, 2009 WL 2391233, at *2 (S.D. Fla. July 31, 2009) (noting that coverage is a prima facie element of a plaintiff's FLSA claim not an affirmative defense); *Curry v. High Springs Family Practice Clinic & Diagnosis Center Inc.*, No. 1:08-cv-00008-MP-AK, 2008 WL 5157683, at *5 (N.D. Fla. Dec. 9, 2008) (same); PROOF OF FLSA COVERAGE, 22A Fed. Proc., L. Ed. § 52:1730 (2013).  If Plaintiff cannot even allege coverage sufficiently, but it will ultimately be his burden to prove coverage, then surely his claim is not plausible and Defendants should be spared the expense of this lawsuit.

18975644v1 0962954

## IV.     CONCLUSION

Plaintiff did not adequately state a claim under either an enterprise or individual coverage theory in his amended complaint and therefore the Court should grant the motion to dismiss.  Under the circumstances, Defendants do not oppose leave to attempt to amend to state a claim for enterprise coverage only.  The Court should nevertheless dismiss any claim premised on individual coverage with prejudice because, as discussed above, such a claim is futile and Plaintiff made no effort to demonstrate it would not be futile in his response.  *See Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.")

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Maguene D. Cadet, Esquire, (Maguene@DieudonneLaw.com), Counsel for Plaintiff, Law Office of Dieudonne Cadet, P.A., 2500 Quantum Lakes Drive, Suite 203, Boynton Beach, Florida 33426.

18975644v1 0962954

        s/Daniel A. Krawiec
        Cheryl L. Wilke
        Florida Bar No. 0893780
        cwilke@hinshawlaw.com
        Daniel A. Krawiec
        Florida Bar No. 059136
        dkrawiec@hinshawlaw.com
        HINSHAW & CULBERTSON LLP
        One East Broward Boulevard
        Suite 1010
        Ft. Lauderdale, Florida 33301
        Telephone: 954-467-7900
        Facsimile: 954-467-1024
        Attorneys for Defendants SPECIALTY
        ENGINEERING CONSULTANTS, INC., a Florida
        Profit Corporation, and DEWEY ADAM LEBLANC,
        individually

18975644v1 0962954