UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81143-CIV-MARRA/MATTHEWMAN

JOSHUA PARDUE, on his own
behalf and others similarly situated,

    Plaintiff,
vs.

SPECIALTY ENGINEERING CONSULTANTS,
INC., a Florida profit corporation, and
KURT JOHNSON and DEWEY ADAM LEBLANC,
individuals,

    Defendants.
_____/

## ORDER AND OPINION GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants Specialty Engineering Consultants, Inc. & Dewey Adam LeBlanc's Motion to Dismiss Plaintiff Joshua Pardue's Amended Complaint [DE 14].  The Court has carefully considered the motion, response, and reply, and is otherwise fully advised in the premises.

## Introduction

The Complaint alleges that Plaintiff was employed by Specialty Engineering Consultants, Inc. ("Consultants"), and Kurt Johnson and Dewey Adam LeBlanc (collectively "Defendants") as a "geo-technical engineering technician" for the three year period preceding the filing of this lawsuit.  Compl. ¶¶ 1, 3, 6.  Consultants is in the business of performing engineering services, including but not limited to, design, inspection, and testing services related to the construction and renovation of

commercial and residential structures. Compl. ¶ 23. Plaintiff states he was a non-exempt employee performing field testing services which included field density tests, site inspections, concrete grouting, bearing testing, and geo-technical services which included pile design and testing, foundation studies and testing, percolation testing, and other duties related to geo-technical and field testing services. Compl. ¶ 3. After his discharge from employment, Plaintiff filed this action seeking relief under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") for unpaid regular and overtime wages. Defendants have filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted arguing that the Complaint is devoid of any factual allegations to support Plaintiff's claim that there is either enterprise or individual coverage under the FLSA.

**Standard of Review for Motions to Dismiss**

With respect to the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court observes first that Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise

a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004).

**Discussion**

The overtime provisions of the FLSA cover enterprises engaged in commerce or in the production of goods for commerce as well as employees who themselves are either engaged in commerce or in production of goods for commerce. See 29 U.S.C. § 207(a)(1).

For individual coverage to apply under the FLSA, Plaintiff must be able to show that he was (1) engaged in commerce or (2) engaged in the production of goods for commerce. For example, at trial, Plaintiff will be required to demonstrate that he "directly participate[d] in the actual movement of persons or things in interstate

commerce by (i) working for an instrumentality of interstate commerce, ... or (ii) by regularly using the instrumentalities of interstate commerce in [his] work...." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006).

For enterprise coverage to apply, the enterprise must be engaged in commerce and its gross sales must exceed $500,000 annually.  See 29 U.S.C. §§ 207(a)(1); 203(s)(1)(A).

Here, the relevant allegations are:

- Consultants "was and is an enterprise engaged in interstate commerce or in the production of goods for commerce."  Compl. ¶¶ 24, 46.

- "The services provided by Defendants necessitated that Defendants engage in interstate commerce."  Compl. ¶ 25.

- "Plaintiff was individually engaged in commerce due to the nature of his work" as a geo-technical engineering technician.  Compl. ¶ 26.

- "Based upon information and belief, the annual gross sales volume of Specialty Engineering Consultants, Inc. was in excess of $500,000.00 per annum during the relevant time period."  Compl. ¶ 47.

Defendants argue in their motion to dismiss that the Complaint is devoid of any factual allegations to support Plaintiff's legal conclusion that Plaintiff was engaged in commerce or that Defendant is an enterprise engaged in commerce.  The Court agrees.  *See Tabora v. GC Realty Advisors, LLC*, No. 12-80526-CIV, 2012 WL 3614414, at *4 (S.D. Fla. Aug. 21, 2012); *Bailey v. Cooper,* No. 10-81596-CIV, 2011 WL 818110, at *2-3 (S.D. Fla. Mar. 2, 2011); *Kendrick v. Eagle International Group, LLC,* 2009 WL 3855227 (S.D. Fla. Nov.17, 2009).  The allegations quoted above, and

Plaintiff's job description, do not contain sufficient facts to support an inference that Plaintiff was either engaged in commerce or that Consultants is an enterprise engaged in commerce.  Such a bare-bones complaint runs afoul of *Twombly* and *Iqbal*.

Simply put, Plaintiff must provide the factual underpinnings for the legal conclusions in the Complaint.  That stated, the Court recognizes that "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward."  *Labor v. Labbe*, 319 Fed. App'x 761, 763 (11th Cir. Nov. 4, 2008).  Thus, to allege individual or enterprise coverage properly, Plaintiff need not do much.  Aside from stating the nature of his work and the nature of Consultants' business, he must provide only straightforward allegations connecting that work to interstate commerce.  *See Kinzer v. Stelling*, 2012 WL 1405694, at *2–*3 (M.D. Fla. Mar. 28, 2012) (FLSA coverage properly stated where complaint alleged that defendant operated retail gas station, convenience store, and car repair shop and sold gasoline and other items that had traveled in interstate commerce); *Gonzalez v. Unidad of Miami Beach, Inc.*, 2011 WL 2983671, at *2 (S.D. Fla. July 22, 2011) (FLSA coverage properly stated where complaint alleged that defendants' employees "regularly sold, handled, or otherwise worked on goods and/or materials that had been moved or produced for commerce," and that defendant "was an enterprise engaged in commerce ... as defined by the FLSA"); *Schlinsky v. Action*

*Video Prods., Inc.,* 2010 WL 227910, at *2 (S.D. Fla. Jan. 13, 2010) (same); *Roberts v. Caballero & Castellanos, PL,* 2010 WL 114001, at *3 (S.D. Fla. Jan. 11, 2010) (FLSA coverage adequately pled by allegations that the employer engages in interstate commerce and operates as an organization that sells or markets its goods and services to customers throughout the United States and also provides its services for goods sold and transported from across state lines, and accepts funds from non-Florida sources, and uses telephonic transmissions going over state lines to do business). With this in mind, the Court will grant Plaintiff leave to amend the Complaint, consistent with this Order.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants Specialty Engineering Consultants, Inc. & Dewey Adam LeBlanc's Motion to Dismiss Plaintiff Joshua Pardue's Amended Complaint **[DE 14] is GRANTED**.  To the extent Plaintiff can plead in good faith, leave to file a Second Amended Complaint that conforms with the dictates reiterated above on or before February 20, 2015, is granted.  If Plaintiff fails to file a Second Amended Complaint by this date, the Court will assume Plaintiff has abandoned his cause and this case will be dismissed without further notice to the parties.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of February, 2015.

_____
KENNETH A. MARRA
United States District Judge